**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ALEJANDRO RODRIGUEZ, for himself and on behalf of a class of similarly-situated individuals; ABDIRIZAK ADEN FARAH, for himself and on behalf of a class of similarly-situated individuals; JOSE FARIAS CORNEJO; YUSSUF ABDIKADIR; ABEL PEREZ RUELAS,

Nos. 13-56706
13-56755

D.C. No.
2:07-cv-03239-
TJH-RNB

*Petitioners-Appellees/*
*Cross-Appellants*,

ORDER

and

EFREN OROZCO,

*Petitioner*,

v.

DAVID JENNINGS,* Field Office Director, Los Angeles District, Immigration and Customs Enforcement; KIRSTJEN M. NIELSEN, Secretary, Homeland Security; JEFFERSON B. SESSIONS III, Attorney

---

* David Jennings, Kirstjen M. Nielsen, Jefferson B. Sessions III, and James McHenry are substituted in place of their predecessors. Fed. R. App. P. 43(c)(2).

General; WESLEY LEE, Assistant
Field Office Director, Immigration
and Customs Enforcement; RODNEY
PENNER, Captain, Mira Loma
Detention Center; SANDRA
HUTCHENS, Sheriff of Orange
County; NGUYEN, Officer, Officer-
in-Charge, Theo Lacy Facility;
DAVIS NIGHSWONGER, Captain,
Commander, Theo Lacy Facility;
MIKE KREUGER, Captain, Operations
Manager, James A. Musick Facility;
ARTHUR EDWARDS, Officer-in-
Charge, Santa Ana City Jail;
RUSSELL DAVIS, Jail Administrator,
Santa Ana City Jail; JAMES
MCHENRY, Director, Executive
Office for Immigration Review,
          *Respondents-Appellants.*

Filed April 12, 2018

Before:  Kim McLane Wardlaw and Ronald M. Gould,
Circuit Judges, and Sam E. Haddon,[**] District Judge.

Order

---

[**] The Honorable Sam E. Haddon, United States District Judge for the District of Montana, sitting by designation.

## SUMMARY[***]

**Immigration**

The panel directed the parties to file supplemental briefs on the following procedural questions:

> (1) whether this Court has jurisdiction over petitioners' constitutional claims despite 8 U.S.C. § 1252(f)(1), and if not, whether the Court may nonetheless issue declaratory relief for the Rule 23(b)(2) class;
>
> (2) whether a Rule 23(b)(2) class action continues to be the appropriate vehicle for petitioners' claims in light of *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); and
>
> (3) whether a Rule 23(b)(2) class action litigated on common facts is an appropriate way to resolve petitioners' claims.

The panel directed that the supplemental briefs should also address the following constitutional questions:

> (1) whether the Constitution requires that aliens seeking admission to the United States who are subject to mandatory detention under 8 U.S.C. § 1225(b) must be afforded bond

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

hearings, with the possibility of release into the United States, if detention lasts more than six months;

(2) whether the Constitution requires that criminal or terrorist aliens who are subject to mandatory detention under U.S.C. § 1226(c) must be afforded bond hearings, with the possibility of release, if detention lasts more than six months; and

(3) whether the Constitution requires that, in bond hearings for aliens detained for more than six months under §§ 1225(b), 1226(c), or 1226(a), the alien is entitled to release unless the government demonstrates by clear and convincing evidence that the alien is a flight risk or a danger to the community or rather whether the government's proof of flight risk or danger could be by only a preponderance of the evidence, whether the length of the alien's detention must be weighed in favor of release, and whether new bond hearings must be afforded automatically every six months.

The panel also set a briefing schedule for *amicus* briefs.

## COUNSEL

Sarah Stevens Wilson (argued), Theodore William Atkinson, Hans Harris Chen, Alisa Beth Klein, Robert I. Lester, Jaynie R. Lilley, Benjamin C. Mizer, Nicole Prairie, and Erez Reuveni, United States Department of Justice, Washington, D.C., for Respondents-Appellants/Cross-Appellees.

Ahilan Thevanesan Arulanantham, Michael Kaufman, Peter Jay Eliasberg, ACLU Foundation of Southern California, Los Angeles, California; Judy Rabinovitz and Michael K.T. Tan, ACLU Immigrants' Rights Project, New York, New York; Cecillia D. Wang, ACLU Immigrants' Rights Project, San Francisco, California; Jayashri Srikantiah, Stanford Law School Mills Legal Clinic, Stanford, California; Sean Ashley Commons and Wen Shen, Sidley Austin LLP, Los Angeles, California; Steven Andrew Ellis, Goodwin Procter LLP, Los Angeles, California, for Petitioners-Appellees/Cross-Appellants.

Nina Rabin, University of Arizona College of Law, Tucson, Arizona, for Amici Curiae Social Science Researchers and Professors.
James H. Moon, James J. Farrell, Nathan M. Saper, Latham & Watkins LLP, Los Angeles, California, for Amici Curiae National Association of Criminal Defense Lawyers and the Judge David L. Bazelon Center for Mental Health Law.

Sarah H. Paoletti, University of Pennsylvania Law School Transnational Legal Clinic, Philadelphia, Pennsylvania, for Amici Curiae International Law Professors and Human Rights Clinicians and Clinical Programs.

Holly Stafford Cooper, University of California Davis Law School Immigration Law Clinic, Davis, California, for Amicus Curiae University of California Davis Law School Immigration Law Clinic.

## ORDER

The parties are directed to file supplemental briefs addressing the following procedural questions: (1) whether this Court has jurisdiction over petitioners' constitutional claims despite 8 U.S.C. § 1252(f)(1), and if not, whether the Court may nonetheless issue declaratory relief for the Rule 23(b)(2) class; (2) whether a Rule 23(b)(2) class action continues to be the appropriate vehicle for petitioners' claims in light of *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); and (3) whether a Rule 23(b)(2) class action litigated on common facts is an appropriate way to resolve petitioners' claims.

The supplemental briefs should also address the following constitutional questions: (1) whether the Constitution requires that aliens seeking admission to the United States who are subject to mandatory detention under 8 U.S.C. § 1225(b) must be afforded bond hearings, with the possibility of release into the United States, if detention lasts more than six months; (2) whether the Constitution requires that criminal or terrorist aliens who are subject to mandatory detention under U.S.C. § 1226(c) must be afforded bond hearings, with the possibility of release, if detention lasts more than six months; and (3) whether the Constitution requires that, in bond hearings for aliens detained for more than six months under §§ 1225(b), 1226(c), or 1226(a), the alien is entitled to release unless the government demonstrates by clear and convincing evidence that the alien

is a flight risk or a danger to the community or rather whether the government's proof of flight risk or danger could be by only a preponderance of the evidence, whether the length of the alien's detention must be weighed in favor of release, and whether new bond hearings must be afforded automatically every six months. Although we acknowledge that some prior briefing may have touched upon these constitutional issues, as did the supplemental briefing at the Supreme Court, we ask the parties to address these issues anew, given the Supreme Court decision in this appeal, and to address any intervening changes in the legal landscape.

The briefing schedule shall proceed as follows:

- Petitioners' supplemental brief shall be due within thirty days of this Order.

- Respondents' supplemental answering brief shall be due within thirty days of service of Petitioners' supplemental brief.

- *Amicus* briefs may be filed with the Clerk and served upon counsel within fourteen days of filing of Respondents' supplemental answering brief.

- Optional supplemental reply briefs may be filed by Petitioners or Respondents within thirty days of filing of Respondents' supplemental answering brief.

The word limits and cover colors for the briefs should correspond to the provisions of Federal Rule of Appellate Procedure 32. An amicus brief may not exceed thirty pages.

The Court will schedule oral argument at the close of briefing.

**IT IS SO ORDERED.**